PTH:RAS
F. #2020R00553

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PERSON KNOWN AND DESCRIBED AS DARNELL BRAXTON, NYSID NUMBER 07797185R | APPLICATION FOR A SEARCH WARRANT<br><br>Case No.  20-MJ-942 |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, DEBRA LAWSON, being first duly sworn, hereby depose and state as follows:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and a Detective with the New York City Police Department ("NYPD").

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Upon information and belief, there is probable cause to believe that in the saliva of DARNELL BRAXTON (NYSID No. 07797185R), there are samples of deoxyribonucleic acid ("DNA") that constitute evidence of violations of Title 18, United States Code, Section 922(g)(1) and that will be obtained by the taking, and preserving as evidence, of a buccal swab sample of BRAXTON.

4. On or about May 8, 2020, law enforcement officers with the New York City Police Department ("NYPD") observed the defendant pull a firearm from his ankle area and hold it in his hand. When law enforcement approached, they observed BRAXTON drop the firearm. The officers recovered a loaded .380 Cobra Enterprises semi-automatic pistol, bearing serial number CP106575 (the "Subject Firearm") from the vicinity where they observed BRAXTON drop the firearm. The Subject Firearm was manufactured outside of New York State.

5. BRAXTON was initially arrested on state charges for criminal possession of a weapon.

6. A member of the NYPD's Evidence Collection Team ("ECT") took swabs of from the Subject Firearm, including swabs of the trigger and trigger guard ("Swab-1"); the backstrap, side grips, and frontstrap ("Swab-2"); and the slide grip grooves and safety ("Swab-3"), all of which were sent to the New York Office of the Chief Medical Examiner ("OCME") for DNA analysis.

7. I have been informed that the OCME found DNA from three contributors on Swab-1 and Swab-3, and that the results are suitable for comparison to other DNA profiles.[1] The OCME has advised that to conduct a comparison, it will require a DNA

---

[1] The OCME did not interpret or compare Swab-2 because the likely number of contributors to that sample could not be determined. According to OCME policy, such a result is not suitable for comparison to a specific DNA profile.

sample directly from BRAXTON, which can be obtained through buccal swabbing, to confirm whether BRAXTON's DNA is a match to the DNA found on Swab-1 or Swab-3.

8. On July 2, 2020, a federal grand jury returned an indictment charging BRAXTON, who had previously been convicted of a felony, with one count of possessing a firearm, knowing that he had previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). BRAXTON was apprehended and brought into federal custody on or about August 25, 2020.

9. The government wishes to compare the DNA from Swab-1 and Swab-3 with a DNA sample obtained directly from BRAXTON. Based on the above information, there is probable cause to believe that BRAXTON is a source of DNA evidence found on the Subject Firearm. Therefore, there is probable cause to believe that a buccal swab from BRAXTON would constitute evidence of his commission of the charged crime.

10. I respectfully request that a search warrant be issued authorizing ATF Special Agents, NYPD officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from BRAXTON a DNA sample. The DNA samples sought will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested from BRAXTON in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing, and analysis.

3

11. The government will notify Ms. Mia Eisner-Grynberg, Esq., counsel for BRAXTON, of the search of BRAXTON, should this application be granted, and will coordinate with Ms. Eisner-Grynberg accordingly.

Respectfully submitted,

DEBRA LAWSON
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me by telephone
on October 13, 2020

HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4